1
2
3
4
5
6
7

8                         UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   PRINCE PAUL RAYMOND WILLIAMS,          Case No.  1:25-cv-00973-KES-HBK

12                 Plaintiff,                FINDINGS AND RECOMMENDATION TO
                                             DENY PLAINTIFF'S MOTION FOR
13         v.                                TEMPORARY RESTRAINING ORDER[1]

14   PROFESSIONAL COURIER AND
     NEWSPAPER DISTRIBUTION, d/b/a           (Doc. No.  3)
15   Brandt Brothers, et. al.
                                             FOURTEEN DAY OBJECTION PERIOD
16                 Defendants.

17

18         Pending before the Court is Plaintiff's motion for a temporary restraining order.  (Doc.

19   No. 3, "Motion").  Plaintiff filed his complaint (Doc. No. 1) on August 6, 2026, and filed the

20   Motion six days later on August 12, 2024.  (Doc. No. 3).  For the reasons stated below, the

21   undersigned recommends that Plaintiff's Motion be denied.

22         I.      Plaintiff's Motion

23         Plaintiff  Prince  Paul  Raymond  Williams  brings  this  Motion  against  Defendants

24   Professional Courier and Newspaper Distribution d/b/a Brandt Brothers, Inc. ("Brandt") and Scott

25   Wilcox ("Wilcox") (together, "Defendants").  (Doc. No. 3 at 1).  Plaintiff alleges that beginning

26   _____

27   [1] The undersigned submits these factual findings and recommendations to District Court pursuant to 28
     U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2025).  The district judge referred the pending
28   motion for a temporary restraining order to the undersigned "for the preparation of findings and
     recommendations and/or other appropriate action." (Doc. No. 5).

in July 2023, Brandt "deducted 25% of Plaintiff's gross wages each pay period and remitted them to the State Disbursement Unit." (*Id.* at 2). Defendants then "reported those statutory garnishments as 30+ day consumer delinquencies" despite Plaintiff's disputes to the credit bureaus. (*Id.*). Defendants' actions "caused Plaintiff's FICO score to collapse by approximately 125 points, triggering denials of housing, refinancing, and job opportunities." (*Id.*). Additionally, "[b]etween November 2023 and July 2025, Plaintiff repeatedly notified Defendants in writing and by phone of the unauthorized garnishments, unsafe work-hours, and false credit reporting" but Defendants "refused to comply or to provide any accommodation for Plaintiff's medically documented lumbar injuries, instead terminating his employment on July 17, 2025." (*Id.*). "Defendants continue to garnish wages and report Plaintiff as delinquent, inflicting irreparable economic, reputational, and physical harm." (*Id.*).

The motion seeks emergency injunctive relief to stop Defendants from "[d]educting, garnishing or withholding any further wages or other compensation from Plaintiff's paychecks;" "[f]urnishing, reporting or maintaining any tradelines or credit-report entries concerning Plaintiff to Experian, Equifax, TransUnion, or any consumer-reporting agency that characterize any amount as delinquent, in collection, or in default;" and "[d]isseminating Plaintiff's personal identifiers (Social Security number, ecclesiastical or trademarked name) to any third party." (*Id.* at 1).

## II. Legal Standard

Federal Rule of Civil Procedure 65 governs injunctions and restraining orders, and requires that a motion for a temporary restraining order include "specific facts in an affidavit or a verified complaint [that] clearly show that immediate, and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," as well as written certification from the movant's attorney stating "any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b). This court's Local Rules also set forth certain procedural mandates for a TRO to issue, including that the movant provide the following documents: (1) a complaint; (2) a motion for TRO; (3) a brief on the relevant legal issues; (4) an affidavit to support the existence of irreparable harm; (5) an affidavit detailing the notice or

1    efforts undertaken or showing good cause why notice should not be given;  (6) a proposed TRO

2    and provision for bond; and (7) a proposed order with blank for fixing time and date for a hearing.

3    Local Rule 231(c) (E.D. Cal. 2025).

4         Temporary restraining orders are governed by the same standard applicable to preliminary

5    injunctions, with the exception that preliminary injunctions require notice to the adverse party.

6    *See Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc.,* 181 F.Supp.2d 1111, 1126

7    (E.D. Ca. 2001); *see also* Fed. R. Civ. P. 65(a).  Local Rule 231, however, requires notice for

8    temporary restraining orders as well, "[e]xcept in the most extraordinary of circumstances," and

9    the court considers whether the applicant could have sought relief by motion for preliminary

10   injunction at an earlier date.  Local Rule 231 (a)-(b) (E.D. Ca. 2019).  A temporary restraining

11   order "should be restricted to serving [its] underlying purpose of preserving the status quo and

12   preventing irreparable harm just so long as is necessary to hold a hearing, and no longer."

13   *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S.

14   423, 439 (1974).

15        A temporary restraining order is "an extraordinary remedy" and may be issued only if

16   plaintiff establishes: (1) likelihood of success on the merits; (2) likelihood of irreparable harm in

17   the absence of preliminary relief; (3) that the balance of equities tips in his/her favor; (4) that an

18   injunction is in the public interest.  *Winter v. Nat. Res. Def. Council, Inc*., 555 U.S. 7, 20 (2008).

19   Plaintiff bears the burden of clearly satisfying all four prongs.  *Alliance for the Wild Rockies v.*

20   *Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).  A TRO will not issue if plaintiff merely shows

21   irreparable harm is possible – a showing of likelihood is required.  *Id.* at 1131.

22        The injunctive relief an applicant requests must relate to the claims brought in the

23   complaint.  *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir.

24   2015) ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the

25   court does not have the authority to issue an injunction.").  Absent a nexus between the injury

26   claimed in the motion and the underlying complaint, the court lacks the authority to grant plaintiff

27   any relief.  *Id.* at 636.

28

3

1    **III.    Analysis**

2    **A.  Procedural Deficiencies Under Local Rule 231 and Rule 65(b)**

3        Plaintiff's application fails to comply with the procedural requirements governing ex parte

4    temporary restraining orders. Under Rule 65(b)(1), a court may issue a TRO without notice to the

5    adverse party only if: (1) "specific facts in an affidavit or a verified complaint clearly show that

6    immediate and irreparable injury, loss, or damage will result . . . before the adverse party can be

7    heard in opposition," and (2) "the movant's attorney certifies in writing any efforts made to give

8    notice and the reasons why it should not be required."  Here, Plaintiff challenges events that he

9    alleges have been occurring for over two years and asserts he has already suffered damages from

10   Defendants' alleged actions.  (Doc. No. 3 at 2).  Based on these allegations of past harm, Plaintiff

11   has not alleged specific facts showing a risk of additional irreparable injury that will occur before

12   notice can be provided to Defendants.  Further, Plaintiff only vaguely alleges in the Motion that

13   he "endeavored to confer with Defendants' registered agent by email and telephone on August 11,

14   2025."  (*Id.*).  Thus, Plaintiff has not satisfied the requirements of Rule 65(b)(1).

15       Additionally, Local Rule 231(c) requires that a TRO motion be accompanied by, *inter*

16   *alia*, "an affidavit detailing the notice or efforts to effect notice to the affected parties or counsel

17   or showing good cause why notice should not be given."  Plaintiff failed to submit such an

18   affidavit.  Additionally, Plaintiff's Motion does not itself satisfy this requirement because it is not

19   signed under penalty of perjury.  *See* 28 U.S.C. § 1746 (allowing that an unsworn declaration has

20   the same effect as an affidavit if the unsworn declaration is signed under penalty of perjury).  The

21   failure to provide an affidavit is fatal to Plaintiff's Motion.  *Tucker v. Fed. Nat. Mortg. Ass'n*,

22   2013 WL 5159730, at *1–2 (E.D. Cal. Sept. 12, 2013) (denying TRO where plaintiffs failed to

23   provide notice or justify its absence under Rule 65(b) and Local Rule 231); *see also Genesoto v.*

24   *Ryan Remington the Mortg. L. Firm*, 2019 WL 633465, at *1 (E.D. Cal. Feb. 14, 2019) (denying

25   TRO where plaintiff failed to satisfy Local Rule 231 requirements).

26       Accordingly, the Court finds that Plaintiff's failure to comply with Rule 65(b) and Local

27   Rule 231 warrants denial of his Motion.

28

4

**B.  Likelihood of Success on the Merits**

Putting aside the procedural deficiencies, the Motion nonetheless is without merit.  In the Motion, Plaintiff asserts a 42 U.S.C. § 1983 claim for denial of due process; a forced labor claim under 18 U.S.C. § 1589; Americans with Disabilities Act ("ADA") claim; and a Trademark and Privacy claim.  However, the record before the Court does not establish a likelihood of success on these claims sufficient to warrant emergency injunctive relief.

First, Plaintiff has failed to allege facts supporting that Defendants were acting under color of state law as required to support a claim under 42 U.S.C. § 1983.  *See Ibrahim v. Dep't of Homeland Sec.*, 538 F.3d 1250, 1257-58 (9th Cir. 2008) (42 U.S.C. § 1983 claims failed where none of the defendants acted under color of state law).

Second, Plaintiff has failed to allege facts supporting that by deducting wages and remitting them to the State, Defendants were seeking to obtain his "labor or services" by means of or threats of force, physical restraint, serious harm, or abuse.  *See* 42 U.S.C. § 1589(a).

As to his ADA claim, Plaintiff simply alleges that Defendants refused to accommodate his lumbar injuries and instead terminated his employment.  (Doc. No. 3 at 2).  However, these bare allegations are insufficient to demonstrate that Plaintiff suffered from a disability within the meaning of the ADA.  *See* 42 U.S.C. § 12102(1); *see Nunies v. HIE Holdings, Inc.*, 908 F.3d 428, 433 (9th Cir. 2018) ("To set forth a prima facie disability discrimination claim, a plaintiff must establish that: (1) he is disabled within the meaning of the ADA; (2) he is qualified (i.e., able to perform the essential functions of the job with or without reasonable accommodation; and (3) the employer terminated him because of his disability.").

Finally, while Plaintiff lists a "Trademark and Privacy" claim in the Motion, he fails to include or cite any facts supporting that he is the owner of a "famous mark" or that Defendants' have used the mark "in connection with a commercial transaction.  *Bosley Medical Institute, Inc. v. Kremer*, 403 F.3d 672, 676 (9th Cir. 2005).

Accordingly, Plaintiff has not shown a likelihood of success on the merits sufficient to justify issuance of emergency injunctive relief.  Plaintiff's failure to show "some chance on the merits" is sufficient reason to justify denial of the Motion.  *Developmental Services Network v.*

1    *Douglas*, 666 F.3d 540, 544 (9th Cir. 2011).

2        **E. Irreparable Harm**

3        Plaintiff argues that "[o]ngoing garnishments deprive Plaintiff of basic subsistence,

4    causing immediate hardship to him and his dependents;" "[f]alse tradelines inflict reputational

5    harm, credit standing collapse, and lost housing and employment opportunities that cannot be

6    remedies with money alone;" and "[c]ontinued misclassification and privacy violations cause

7    emotional distress and risk of identity theft." (Doc. No. 3 at 3). Critically, however, Plaintiff also

8    alleges Defendants' challenged conduct started over two years before he filed the Motion, and

9    Defendants have now terminated Plaintiff's employment. (*See id.* at 2).

10        Delay in seeking injunctive relief implies a lack of urgency and irreparable harm.

11    *Oakland Tribune, Inc. v. Chronicle Pub. Co., Inc.*, 762 F.2d 1374, 1377 (9th Cir. 1985). Under

12    Local Rule 231(b), the Court may conclude that delay "contradicts the applicant's allegations of

13    irreparable injury" and deny the motion solely on that ground. *See Sirrum v. Tomkinson*, 2013

14    WL 12121214, at *1–2 (E.D. Cal. May 21, 2013) (denying TRO where plaintiffs delayed and

15    failed to show urgency); *Salazar*, 2011 WL 6179262, at *1 (same). Thus, Plaintiff's failure to

16    seek injunctive relief in the two years since Defendants' conduct allegedly began negates his

17    argument of irreparable harm.

18        Based on Plaintiff's failure to show either a likelihood of success on the merits or that he

19    will suffer irreparable harm if relief is not granted, the undersigned finds that this case does not

20    involve extraordinary circumstances warranting the issuance of a temporary restraining order.

21    Accordingly, for all the reasons set forth above, that the District Court deny Plaintiffs' Motion.

22        Accordingly, it is **RECOMMENDED** that Plaintiff's motion for a temporary restraining

23    order (Doc. No. 3) be DENIED.

24                    **NOTICE**

25        These Findings and Recommendations will be submitted to the United States District

26    Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days**

27    **of the date of service** of these Findings and Recommendations, Plaintiff may file written

28    objections with the Court. The document should be captioned, "Objections to Magistrate Judge's

6

Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:    September 12, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE