UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRINCE PAUL RAYMOND WILLIAMS, | Case No.  1:25-cv-00973-KES-HBK |
| Plaintiff, | SECOND SCREENING ORDER |
| v. | (Doc. No.  9) |
| PROFESSIONAL COURIER AND NEWSPAPER DISTRIBUTION, d/b/a Brandt Brothers, Inc., et al., | FEBRUARY 13, 2026 DEADLINE |
| Defendants. | |

Pending before the court is Plaintiff's pro se First Amended Complaint filed on August 29, 2025.  (Doc. 9, "FAC").  Upon review, the Court finds Plaintiff's FAC, like his initial Complaint, violates Rule 8 of the Federal Rules of Civil Procedure and thus fails to state a claim. The Court will afford Plaintiff one final opportunity to file an amended complaint before recommending this case be dismissed.

**SCREENING REQUIREMENT**

Because Plaintiff is proceeding *in forma pauperis*, the Court may dismiss a case "at any time" if the Court determines, *inter alia*, the action is frivolous or malicious, fails to state claim on which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(ii) -(iii)*; see also Lopez v. Smith*, 203 F. 3d 1122, 1129 9th Cir. 2000) (section 1915(e) applies to all litigants proceeding *in form pauperis*).  A complaint,

however, should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her claim that would entitle him to relief. *Johnson v. Knowles*, 113 F.3d 1114, 1117 (9th Cir. 1997). A complaint must include a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a). Dismissal for failure to state a claim in this context is governed by the same standard as dismissal under Federal Rule of Civil Procedure 12(b)(6). *Barren v. Harrington*, 152 F. 3d 1193, 1194 (9th Cir. 1998). As such, a complaint must contain sufficient factual matter to state a claim to relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A complaint is plausible on its face when it contains sufficient facts to support a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* At this stage, the court accepts the facts stated in the complaint as true. *Hosp. Bldg. Co. v. Rex Hosp. Tr.*, 425 U.S. 738, 740 (1976). The Court does not accept as true allegations that are merely conclusory, unreasonable inferences, or unwarranted deductions. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Nor are legal conclusions considered facts. *Iqbal*, 556 U.S. at 678.

Because Plaintiff is pro se, the Court must liberally construe the complaint in the light most favorable to him. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003). If a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc); *Lucas v. Department of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). However, it is not the role of the court to advise a litigant on how to cure the defects. Such advice "would undermine district judges' role as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131 n.13.

////

////

////

////

////

2

**SUMMARY OF THE OPERATIVE COMPLAINT**

The FAC names the following as  Defendants (1) Professional Courier and Newspaper Distribution, d/b/a Brandt Brothers, Inc.; (2) Scott Wilcox; and (3) Nicholas Cole.  (Doc. No. 9 at 5).  Plaintiff was employed as a commercial driver for Professional Courier and Newspaper Distribution for approximately two years.  Plaintiff contends that: (1) from July 2023 through July 2025, Defendants garnished 25% of Plaintiff's wages without a valid judicial order or pre-deprivation hearing (*id.* at 6, 46-49); (2) Defendants reported these payroll withholdings as "delinquent consumer debt" to credit agencies, damaging Plaintiff's credit score and causing the rescission of employment offers (*id.* at 6, 30); and (3) after Plaintiff disclosed a spinal injury to Defendants and requested accommodations in July 2025 (*id*. at 34), Defendants terminated his employment and reported the reason for his termination as "misconduct" to the employment commission to block his benefits (*id.* at 34-35).

The FAC asserts 13 separate causes of action:  (1) Federal Procedural Due Process; (2) The Fair Credit Reporting Act; (3) Americans with Disabilities Act ("ADA"); (4) Trafficking Victims Protection Reauthorization Act; (5) California Consumer Credit Reporting Agencies Act; (6) California Labor Code (7) Conversation/Constructive Trust; (8) Defamation Per Se; (9) Invasion of Privacy; (10) Negligence; (11) False Endorsement/Association; (12) Unfair Competition Law; and (13) 42 U.S.C. ¶ 1985 - Conspiracy.  (*Id.* at 1-2).

Plaintiff seeks various types of relief including monetary damages, declaratory relief, and injunctive relief.  (*Id.* at 154-160).

**APPLICABLE LAW AND ANALYSIS**

**A.  Federal Rule of Civil Procedure 8**

On September 15, 2025, the Court screened Plaintiff's initial Complaint.  (Doc. No. 7, "Screening Order").  The Court found it violated Federal Rule of Civil Procedure 8(a). Specifically, the Court stated, "Plaintiff's 47-page, 287-paragraph Complaint is confusing, contradictory, and repetitive, making it hard to ascertain what claims he raises based on what facts." (*Id.* at 14:13-14).  The 14-page Screening Order further addressed Plaintiff's federal claims and advised Plaintiff of the Complaint's pleading deficiencies.  (*Id*. at 8-13).

Plaintiff's FAC consists of 161 pages.  Interspersed among the pages are various screenshots and documents.  The FAC does not contain sequentially numbered paragraphs.  It includes extraneous averments, including a preamble of acknowledgments, preemptive arguments as to why certain doctrines or statutes do not bar Plaintiff's claim, and why Defendants are not entitled to summary judgment.  The FAC is replete with redundancies, argument, citations to various federal and state statutes, regulations and doctrines.

Plaintiff FAC continues to suffer from the same deficiencies as his initial complaint.  It is unnecessarily verbose, confusing, and replete with legal citations rather than simple facts.  The Court in its previous Screening Order directed Plaintiff that in filing his amended complaint he must file a short and plain statement of his claims.  (Doc. No. 7 at 7).  Plaintiff has failed to do so.

Rule 8 states that "[e]ach allegation must be simple, concise, and direct."  Fed. R. Civ. P. 8(d)(1). When the factual elements of a cause of action are not organized into a short and plain statement for each particular claim, a dismissal for failure to satisfy Rule 8(a) is appropriate. *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988); *see also Nevijel*, 651 F.2d at 674.  Indeed, even if the factual elements of the cause of action are present, but are scattered throughout the complaint and not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8(a)(2) is proper.  *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996).  Thus, "[t]he propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit."  *Id*. at 1179.

Additionally, "a lengthy complaint can violate Rule 8 if a defendant would have difficulty responding to the complaint."  *Skinner v. Lee*, 2021 WL 6617390, *2-*3 (C. D. Cal. May 20, 2021) (citing *Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011).  Allegations of facts that are extraneous and not part of the factual basis for the constitutional claim are not permitted. *See Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013).

Although "verbosity or length is not by itself a basis for dismissing a complaint," *Hearns v. San Bernardino Police Dep't,* 530 F.3d 1124, 1131 (9th Cir. 2008), a complaint cannot be without limit.  *See Hatch v. Reliance Ins. Co.,* 758 F.2d 409, 415 (9th Cir. 1985) (upholding a Rule 8(a) dismissal of a complaint that "exceeded 70 pages in length, [and was] confusing and conclusory")

4

To ensure compliance with Rule 8, courts of the Eastern District of California generally limit pro se complaints to twenty-five pages. *See Lal v. United States*, 2022 WL 37019, at *2 (E.D. Cal. Jan. 3, 2022); *Williams v. Corcoran State Prison*, 2022 WL 1093976, at *1 (E.D. Cal. Apr. 12, 2022).

The inclusion of unnecessary exhibits is also grounds for dismissal. *WebQuest.com, Inc. v. Hayward Industries, Inc.*, Case No. 1:10-cv-00306-OWW-JLT, 2010 WL 4630230 (E.D. Cal. Nov. 8, 2010) (citing *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 415 (9th Cir. 1985) (finding the district court did not abuse discretion in dismissing a complaint that included over 70 pages of exhibits relying on Fed. R. Civ. P. 8). Although documentary evidence may be incorporated into a pleading under Rule 10, exhibits containing largely evidentiary material typically do not fall under Rule 10. *Id.* (citing *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

Additionally, Rule 10 requires that each allegation be set out in a separate sequentially numbered paragraph. Fed. R. Civ. P. 10(b). Accusing "defendants" generally of engaging in certain conduct without particularizing which defendant committed the act is improper, as it fails to give notice to each defendant.

Further, it is not the responsibility of this already overburdened Court "to scour through a set of voluminous documents attached to [a] complaint and articulate a case for [the plaintiff]." *See North v. Mirra*, Case No. C13-6090-BHS, 2014 WL 345303 * 2 (W.D. Wash. Jan. 30, 2014). "Judges are not like pigs, hunting for truffles buried in briefs." *Greenwood v. F.A.A.*, 28 F.3d 971, 977 (9th Cir. 1994) (quoting *United States v. Dunkel*, 927 F.2d 955 (7th Cir. 1991)).

Therefore, the Court will not undertake a detailed review of the entire 161-page FAC to locate where Plaintiff may have stated a viable claim. Further, in its prior Screening Order, the Court addressed the legal standard for many of the claims Plaintiff brings again. Plaintiff is directed to comply with the standard of those claims in any subsequent complaint.

The Court in its prior screening order advised Plaintiff of the procedural pleadings requirement and applicable law regarding his various claims and the Court will not repeat those advisements herein. However, the FAC appears to include a failure to accommodate and retaliation claim under the ADA. Because the Court did not previously apprise Plaintiff of the applicable law governing this claim, the Court will do so below.

**B. Americans with Disabilities Act**

**1. Failure to Accommodate**

"The [Americans with Disabilities Act] treats the failure to provide a reasonable accommodation as an act of discrimination if (1) the employee is a 'qualified individual,' (2) the employer receives adequate notice, and (3) a reasonable accommodation is available that would not place an undue hardship on the operation of the employer's business." *Snapp v. United Transportation Union*, 889 F.3d 1088, 1095 (9th Cir. 2018) (citing 42 U.S.C. § 12112(b)(5)(A)).

Once notified of the need for an accommodation, an employer must engage in an interactive process, "through which the employer and employee can come to understand the employee's abilities and limitations, the employer's needs for various positions, and a possible middle ground for accommodating the employee." *Snapp*, 889 F.3d at 1095. An employer that fails to engage in the interactive process in good faith is liable for failure to provide a reasonable accommodation if a reasonable accommodation would have been possible. *Id.* However, the failure to engage in the interactive process itself is not a violation: it becomes a violation only if the employer fails to provide a possible reasonable accommodation. *Id.*

**2. Retaliation**

To allege a retaliation under the ADA an individual must claim "(1) involvement in a protected activity, (2) an adverse employment action, and (3) a causal link between the two." *Coons v. Sec'y of United States Dep't of Treasury*, 383 F.3d 879, 887 (9th Cir. 2004) (quoting *Brown v. City of Tucson*, 336 F.3d 1181, 1187 (9th Cir. 2003)). An "adverse action" is one that "is reasonably likely to deter the charging party or others from engaging in protected activity." *Ray v. Henderson*, 217 F.3d 1234, 1242–43 (9th Cir. 2000). Invoking your rights under the ADA constitutes protected conduct, and retaliation can be inferred from the temporal proximity of the adverse action and that protected activity. *See Pardi v. Kaiser Found. Hosps.*, 389 F.3d 840, 850 (9th Cir. 2004).

## OPTIONS

To continue the prosecution of this action, Plaintiff must take one of the following three options no later than **February 13, 2026.**

**First Option:** Because the Court cannot determine that the filing of an amended complaint cannot cure the deficiencies identified above, the Court will afford Plaintiff one final opportunity to file a second amended complaint if he chooses.  Fed. R. Civ. P. 15(a)(2); *Lopez v. Smith*, 203 F.3d 1122, 1126-30 (9th Cir. 2000).  An amended complaint supersedes (replaces) the original complaint and, thus, the amended complaint must be free-standing and complete.  *Lacey v. Maricopa County*, 693 F.3d. 896, 907 n.1 (9th Cir. 2012) (en banc); E.D. Cal. Local Rule 220.  Each claim and the involvement of each defendant must be sufficiently alleged.  The amended complaint should be titled "Second Amended Complaint," include the above case number, and be an original signed and dated under penalty of perjury.  Plaintiff may not change the nature of this suit or add unrelated claims in his amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).  **Plaintiff's Second Amended Complaint must not exceed twenty-five pages.  Further the allegations must be set forth in sequentially numbered short paragraphs.**

**Second Option:** Plaintiff may file a Notice stating he intends to stand on his FAC subject to the undersigned recommending the district court dismiss the Complaint for the reasons stated in this Order.

**Third Option:** Because no defendant has yet been served, Plaintiff may file a Notice of Voluntary Dismissal without prejudice under Federal Rule of Civil Procedure 41(a)(1).

Alternatively, if Plaintiff fails to timely respond to this Court Order, i.e., fails to perform any of the three options, the undersigned will instead recommend that the district court dismiss this case as a sanction for Plaintiff's failure to comply with a court order and for failing to prosecute this action.

Accordingly, it is **ORDERED**:

1.      On or before **February 12, 2026**, Plaintiff must elect one of the three aforementioned options: (a) File a "Second Amended Complaint" (not exceeding 25 pages); (b); file a "Notice to Stand on Complaint" as screened subject to the undersigned recommending the district court dismiss the Complaint for the reasons stated in this Order; (c) file a "Notice to Voluntarily Dismiss Action" without prejudice under Fed. R. Civ. P. 41.

2.      If Plaintiff fails to timely comply with this Court Order or seek an extension of time to comply, the Court will recommend the district court dismiss this action for Plaintiff's failure to comply with this Court Order and prosecute this action.


Dated:    January 12, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

8