UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRINCE PAUL RAYMOND WILLIAMS, | Case No. 1:25-cv-00973-KES-HBK |
| Plaintiff, | ORDER DENYING PRO SE PLAINTIFF'S MOTION FOR ELECTRONIC FILING |
| v. | PERMISSION WITHOUT PREJUDICE |
| PROFESSIONAL COURIER AND NEWSPAPER DISTRIBUTION, d/b/a Brandt Brothers, et al., | (Doc. 4) |
| Defendants. | |

Pending before the Court is pro se Plaintiff's motion seeking permission to utilize the Court's case management and electronic filing system (CM/ECF) filed on August 13, 2025. (Doc. 4). Plaintiff argues "[d]enial of filing mechanisms impedes the fundamental right of access." (*Id*. at 1). Plaintiff lists the following reasons in support of his motion: (1) as an indigent litigant he cannot afford the printing and copying costs; (2) electronic filing will ensure he is able to timely respond to pleadings and not miss deadlines; and (3) electronic filing will "safeguard" his constitutional rights. (*Id*. at 2-3).

The Court utilizes CM/ECF, which requires attorneys to adhere to electronic procedures set forth in the Court's Local Rules to file documents electronically. L.R. 133(a) (E.D. Cal. 2025). The Local Rules specifically prohibit pro se parties from utilizing electronic filing except

with the permission of the assigned Judge or Magistrate Judge.  L.R. 133(b)(2); L.R. 183(c).  Any request from a pro se party to utilize electronic filing "shall be submitted as stipulations as provided in L.R. 143."  L.R. 133(b)(3).  If the moving party cannot obtain a stipulation, the request must include "an explanation of the reasons for the exception."  *Id.*

The Court acknowledges that Plaintiff cannot obtain a stipulation since no defendant has been served in this action.  Having reviewed Plaintiff's stated reasons, the Court finds Plaintiff has not stated a sufficient explanation as to why he should be exempted from the Court's Local Rules.  Plaintiff's argument that access to CM/ECF would be more convenient and cost-effective is insufficient to warrant granting Plaintiff e-filing access.  *See Lucero v. Pennella*, Case No. 1:18-cv-01448-LJO-SAB, 2018 U.S. Dist. LEXIS 188219, 2018 WL 5793429, *2 (E.D. Cal. Nov. 2, 2018) (denying motion for reconsideration on an order denying CM/ECF access where pro se plaintiff argued conventional filing was too costly and inconvenient).  Plaintiff's proposition that he will be denied access to the court if not granted e-filing privileges is without substance.  A review of the docket reflects the Court has received multiple filings from Plaintiff and Plaintiff has not missed a court-ordered deadline.  Indeed, the Court affords additional time when setting case management deadlines in cases with pro se litigants and it generously grants extensions of time to pro se litigants when requested.  Consequently, there is no evidence to suggest Plaintiff is disadvantaged in his ability to litigate this case because he does not have access to CM/ECF.

Further, this case is in the early procedural stages.  The Court recently found the first amended complaint failed to state a cognizable claim and directed Plaintiff to file a second amended complaint.  Thus, while the Court is sensitive to the challenges Plaintiff faces as a pro se litigant, Plaintiff has failed to present sufficient grounds justifying an exemption from conventional filing at this time to deviate from the Local Rule that "[a]ny person appearing pro se may not utilize electronic filing."  L.R. 133(b)(2).  Should this case progress and the circumstances change, Plaintiff may renew his motion at a future time.

////

////

2

Accordingly, it is ORDERED:

Plaintiff's motion for access to the Court's electronic case filing system (Doc. 4) is DENIED without prejudice.


Dated:    January 12, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

3